UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gregory Wersal,

        Plaintiff,

  v.

Patrick D. Sexton, in his official capacity as Chair of the Minnesota Board on Judicial Standards; William J. Egan, in his official capacity as a Member of the Minnesota Board on Judicial Standards; Douglas A. Fuller, in his official capacity as a Member of the Minnesota Board on Judicial Standards; Jon M. Hopeman, in his official capacity as a Member of the Minnesota Board on Judicial Standards; Cynthia Jepsen, in her official capacity as a Member of the Minnesota Board on Judicial Standards; E. Ann McKinsey, in her official capacity as a Member of the Minnesota Board on Judicial Standards; Gary Pagliaccetti, in his official capacity as a Member of the Minnesota Board on Judicial Standards; James Dehn, in his official capacity as a Member of the Minnesota Board on Judicial Standards; The Honorable Terri Stoneburner, in her official capacity as a Member of the Minnesota Board on Judicial Standards; Randy R. Staver, in his official capacity as a Member of the Minnesota Board on Judicial Standards; Kent A. Gernarder, in his official capacity as Chair of the Minnesota Lawyers Professional Responsibility Board; Vincent A. Thomas, in his official capacity as Vice-Chair of the Minnesota Lawyers Professional Responsibility Board; Kathleen Clarke Anderson, in her official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Mark R. Anway, in his official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Robert B. Bauer, in his official capacity as a Member of the Minnesota Lawyers Professional

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-613 ADM/JSM

Responsibility Board; William P. Donohue, in his official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Joseph V. Ferguson, III, in his official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Wood R. Foster, Jr., in his official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Susan C. Goldstein, in her official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Sherri D. Hawley, in her official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Lynn J. Hummel, in her official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Geri L. Krueger, in her official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Ann E. Maas, in her official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Marne Gibbs Hicke, in her official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Mary L. Medved, in her official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Richard H. Kyle, Jr., in his official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; David A. Sasseville, in his official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Michael W. Unger, in his official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Debbie Toberman, in her official capacity as a Member of the Minnesota Lawyers Professional Responsibility Board; Dianne A. Ward, in her official capacity as a Member of the

Minnesota Lawyers Professional
Responsibility Board; Daniel R. Wexler, in his
official capacity as a Member of the
Minnesota Lawyers Professional
Responsibility Board; Stuart T. Williams, in
his official capacity as a Member of the
Minnesota Lawyers Professional
Responsibility Board; Jan M. Zender, in her
official capacity as a Member of the
Minnesota Lawyers Professional
Responsibility Board,

       Defendants.

___

James Bopp, Jr., Esq., Bopp, Coleson & Bostrom, Terre Haute, IN, and Stanley N. Zahorsky, Esq., Zahorsky Law Firm, Edina, MN, argued on behalf of Plaintiff.

Steven M. Gunn, Esq., and Thomas C. Vasaly, Esq., Office of the Minnesota Attorney General, St. Paul, MN, argued on behalf of Defendants.

___

## I. INTRODUCTION

On June 17, 2008, the undersigned United States District Judge heard oral argument on Plaintiff Gregory Wersal's ("Wersal") Motion for Preliminary Injunction [Docket No. 9]. In his Complaint [Docket No. 1], Wersal brings First Amendment challenges to canons of the Minnesota Code of Judicial Conduct that prohibit a judge or a candidate for judicial office from publicly endorsing other candidates for public office, soliciting funds for a political organization, and personally soliciting campaign contributions. Wersal seeks a preliminary injunction enjoining Defendants, who are members of the Minnesota Board of Judicial Standards and the Minnesota Lawyers Professional Responsibility Board, from disciplining him if he engages in the activities prohibited by the challenged canons. For the reasons stated below, Wersal's Motion is denied.

## II. BACKGROUND

Wersal, a Minnesota resident, campaigned in 1996 and 1998 for election to the Minnesota Supreme Court.  Compl. ¶¶ 13-14.  During the latter campaign, Wersal was a plaintiff in litigation that successfully challenged former canons of the Minnesota Code of Judicial Conduct prohibiting judges and judicial candidates from stating their views on disputed legal and political issues, engaging in certain partisan activities, and personally soliciting campaign contributions from large groups.  See Republican Party of Minnesota v. White, 536 U.S. 765 (2002); Republican Party of Minnesota v. White, 416 F.3d 738 (8th Cir. 2005).

On March 4, 2008, Wersal filed his Complaint in this matter.  Wersal argues that Canons 5(A)(1)(b), 5(A)(1)(d), and 5(B)(2) of the Minnesota Code of Judicial Conduct do not survive strict scrutiny under the First Amendment.  Canon 5(A)(1)(b) provides that "a judge or a candidate for election to judicial office shall not publicly endorse, or except for the judge or candidate's opponent, publicly oppose another candidate for public office."  Canon 5(A)(1)(d) states that a judge or judicial candidate "shall not solicit funds for or pay an assessment to or make a contribution to a political organization or candidate, or purchase tickets for political party dinners or other functions."  Canon 5(B)(2) prohibits judges or judicial candidates from personally soliciting or accepting campaign contributions.  However, Canon 5(B)(2) creates exceptions such as allowing judicial candidates to "make a general request for campaign contributions when speaking to an audience of 20 or more people."

Wersal asserts in his Complaint that he "is a candidate for Justice of the Minnesota Supreme Court in the 2008 judicial election."  Compl. ¶ 20.  However, Wersal did not file candidacy papers by the July 15, 2008, deadline.  Pl.'s Notice to the Court [Docket No. 23] ¶ 5.

Therefore, Wersal is not a candidate in Minnesota's 2008 judicial elections.

### III. DISCUSSION

The Eighth Circuit held in <u>Dataphase Systems, Inc. v. C L Systems, Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981) (en banc), that a district court deciding a motion for a preliminary injunction must balance four factors: (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between the harm to the movant and the harm that the relief would cause to the other litigants; and (4) the public interest.  "A preliminary injunction is an extraordinary  remedy and the burden of establishing the propriety of an injunction is on the movant."  <u>Watkins Inc. v. Lewis</u>, 346 F.3d 841, 844 (8th Cir. 2003) (internal citation omitted).

In the case at bar, it is unnecessary to consider all four <u>Dataphase</u> factors because the second factor is dispositive.  Wersal argued in his brief that he would suffer irreparable harm without a preliminary injunction because the challenged canons would prevent him from endorsing other candidates and personally soliciting campaign contributions in the 2008 judicial election.  Pl.'s Mem. in Supp. of Mot. for Prelim. Inj. [Docket No. 10] at 12.  However, the challenged canons will not cause Wersal irreparable harm in the 2008 election because he is not a candidate.

In an attempt to create a threat of irreparable harm, Wersal now declares he is "currently a candidate for the office of Justice of the Minnesota Supreme Court in 2010."  Wersal Decl. [Docket No. 24] ¶ 8. Wersal states that he "would still like to endorse candidates for public office during the 2008 election and in future elections, and would like to immediately begin soliciting contributions for his 2010 campaign."  <u>Id.</u> ¶ 9.  However, the 2010 election is over

twenty-seven months away.  Wersal can fully litigate his claims long before the 2010 judicial elections.  Should he prevail on the merits of his claims, Wersal will have adequate time to endorse candidates and personally solicit contributions for the 2010 elections.  The Court finds the threat of irreparable harm to Wersal's judicial candidacy in 2010 is too speculative and remote to warrant a preliminary injunction.  See Siefert v. Alexander, Civ. No. 08-126, 2008 WL 2273832, *1 (W.D. Wis. June 2, 2008) (denying preliminary injunctive relief in case challenging canons of the Wisconsin Code of Judicial Conduct because "the next election is still several years away").  Therefore, Wersal's Motion is denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Gregory Wersal's Motion for Preliminary Injunction [Docket No. 9] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 22, 2008.